UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEWEL TODMAN,                        :
                                     :
               Plaintiff,            :          07 Civ. 10473 (JSR)
                                     :
               -v-                   :               ORDER
                                     :
MICHAEL ASTRUE, COMMISSIONER OF THE  :
SOCIAL SECURITY ADMINISTRATION,      :
                                     :
               Defendant.            :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-30-09

        On December 15, 2008, the Honorable Douglas F. Eaton, United

States Magistrate Judge, issued a typically excellent Report and

Recommendation ("Report") in the above-captioned matter recommending

that the Court deny plaintiff's motion for judgment on the pleadings,

partially grant defendant's cross-motion for judgment on the

pleadings, and remand the case to the administrative law judge for

further proceedings to determine whether plaintiff Jewel Todman has

been disabled during the period from May 2006 to the present.

        Plaintiff filed a written objection to the Report,

reiterating the arguments made in plaintiff's original brief.  In the

alternative, plaintiff stated that if the Court decided to remand the

case as recommended in the Report, she objects to May 2006 as the

date as of which plaintiff's entitlement to Social Security

disability benefits will be reviewed.  Plaintiff asserts that "the

claimant's insurability ended as of December 31, 2005.  In the event

of a remand for further development, the development must review the

claimant as of December 31, 2005."  Letter from Edward J. Madigan,

Esq. to the Hon. Jed S. Rakoff dated December 28, 2008.

With regard to plaintiff's substantive objections reiterating the arguments made in plaintiff's original filing, the Court has reviewed the entire matter de novo, finds the Report fully persuasive.  Specifically, the Court finds that the July 27, 2005 decision of the administrative law judge does not, in assessing Todman's residual functional capacity and determining whether there is other work in the national economy that she could perform, adequately explain its evaluation of the evidence in the record that, as of May 2006, Todman suffered a reduced ability to use her fingers and hands.  See Report at 18-22; see also, e.g., Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982) (noting that remand is appropriate where the administrative law judge's decision does not adequately explain its rationale in relation to evidence in the record).  Accordingly, the Court hereby adopts the Report, and, for the reasons stated therein, denies plaintiff's motion for judgment on the pleadings, partially grants defendant's cross-motion for judgment on the pleadings, and remands the case to the administrative law judge for further proceedings.

With regard to plaintiff's suggestion regarding change of date on remand, the Court notes that the plaintiff cites no legal authority in support of this objection, nor does plaintiff direct the Court to any document in the administrative record substantiating the December 31, 2005 date as a relevant point of reference.  The Court understands plaintiff to refer to her insured status as defined in 42

2

U.S.C. § 423(c).[1]  See also 20 C.F.R. §§ 404.101(a), 404.110.
However, the July 27, 2005 decision of the administrative law judge
that was the final decision of the Commissioner of Social Security
and therefore the basis of the instant appeal, see Report at 4, found
that Todman had insured status through June 30, 2008, Tr. at 230; see
also Tr. at 318.  To the extent that there is a dispute over the
duration of Todman's insured status, the administrative law judge is
directed, on remand, to determine the date on which Todman's insured
status ended.  See, e.g., Henley v. Comm'r of Social Sec., 58 F.3d
210, 312 and n.4 (6th Cir. 1995) (noting that the administrative law
judge must limit consideration of the claimant's disability to the
last date of claimant's insurability under 42 U.S.C. § 423(c)).

The Clerk of the Court is directed to close item number 8 and
item number 10 on the docket for this case.

SO ORDERED.

Dated:  New York, NY
        March 30, 2009        JED S. RAKOFF, U.S.D.J.

---

[1] 42 U.S.C. § 423(a) provides that Social Security
disability benefits will be available to individuals who are
"insured for disability insurance benefits" as determined under §
423(c), are below retirement age, have filed an application, and
are disabled.  42 U.S.C. § 423(a)(1).